# UNITED STATES DISTRICT COURT
### for the
Southern District of Illinois

FILED

AUG 1 5 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

Cameron Belk Sr. )
_____ )
_____ )
_____ )
*Plaintiff* )
v. )
State of Illinois, Ill. Department of Corrections )
namely Shelia Bell, Glenn Jackson, Mark )
Stephenson, S.A. Godinez, Robert Lee & )
PRB Chairman Adam Monreal )
*Defendant(s)* )

Case Number: *13 - 841 - DRH - PmF*
(Clerk's Office will provide)

## PRO SE CIVIL RIGHTS COMPLAINT
## (Non-Prisoner)

## I.     JURISDICTION

Subject matter jurisdiction is invoked under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and/or 42 U.S.C. § 1983. List any additional bases for federal subject matter jurisdiction here:

## II.    PARTIES

**Plaintiff:**

A.    Plaintiff, a citizen of ___Illinois___ (state), who resides at

___615 North 31st Street East St. Louis, Illinois 62205___, alleges that his/her

civil rights were violated by the individual(s) named below.

**Defendant #1:**

B.    Defendant ___State of Illinois IDOC namely Shelia Bell___ is employed as
                           (a)        (Name of First Defendant)

___Record Office Supervisor___
                  (b)              (Position/Title)

(10/2010)

with <u>Illinois Department of Corrections Western Illinois Correctional Center</u>

(c)        (Employer's Name and Address)

2500 Route 99 South Mt. Sterling, Illinois 62205

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government? ☑ Yes ☐ No

If your answer is YES, briefly explain:

Defendant was the Records Supervisor responsible for calculating Mandatory Supervised Release length upon Plaintiff Cameron Belk exiting prison on 3/25/2010

Check one of the following:

☐  This defendant **personally participated** in causing my injury, and I want **money damages**.

☑  The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone to something).


## Defendant #2:

C.   Defendant <u>State of Illinois IDOC namely Mr.Glenn Jackson</u> is employed as

(Name of Second Defendant)

<u>Chief Records Officer</u>

(Position/Title)

with <u>IDOC 1301 Concordia Court P.O. Box 19277 Springfield, IL 62794-9277</u>

(Employer's Name and Address)

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government? ☑ Yes ☐ No

If you answer is YES, briefly explain:

He was the Chief Records Officer and the direct supervisor of defendant #1 in this case.

Check one of the following:

☐  This defendant **personally participated** in causing my injury, and I want **money damages**.

☑  The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone to something).

**Defendant #3:**

D.  Defendant  Adam Monreal _____ is employed as
                     *(Name of Third Defendant)*

Chairman
_____
                          *(Position/Title)*

with  Illinois Prisoner Review Board _____
                     *(Employer's Name and Address)*

319 East Madison Street, Suite A Springfield, IL 62701
_____

At the time the claim(s) alleged in this complaint arose, was Defendant #3 employed by the state, local, or federal government?  ☑ Yes  ☐ No

If you answer is YES, briefly explain:

He was employed by the State of Illinois Prisoner Review Board as Chairman

Check one of the following:

☐  This defendant **personally participated** in causing my injury, and I want **money damages**.

☑  The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone to something).

**Additional Defendant(s) (if any):**

E.  Using the outline set forth above, identify any additional Defendant(s), using additional pages, if necessary.

**PARTIES**
**Plaintiff:**
A. Plaintiff Cameron Belk Sr., a citizen of _____Illinois_____ (state), who resides at
615 North 31st Street East St. Louis, Illinois 62205, alleges that his/her
civil rights were violated by the individual(s) named below.

**Defendant #4:**
B. Defendant <u>Mark Stephenson</u> is employed as
(a) (Name of First Defendant)
<u>Records Supervisor</u>
(b) (Position/Title)

with <u>State of Illinois, IDOC, Western Illinois Correctional Center</u>
(c) (Employer's Name and Address)
<u>2500 Route 99 South Mt. Sterling, Illinois 62205</u>

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed
by the state, local, or federal government? √Yes No

If your answer is YES, briefly explain: Defendant worked in records office and plaintiff
communicated with him several times

Check one of the following:

This defendant **personally participated** in causing my injury, and I want
**money damages**.

√ The **policy or custom** of this official's government agency violates my
rights, and I seek **injunctive relief** (to stop or require someone to something).

**Defendant #5:**
B. Defendant <u>S.A.Godinez_____</u> is employed as
(a) (Name of First Defendant)
<u>Director</u>
(b) (Position/Title)

with <u>Illinois Department of Corrections</u>
(c) (Employer's Name and Address)
<u>James R. Thompson Center 100 West Randolph Chicago, Illinois 60601</u>

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed
by the state, local, or federal government? √Yes   No

If your answer is YES, briefly explain: Defendant currently serves as the Director of
Illinois Department of Corrections

Check one of the following:

This defendant **personally participated** in causing my injury, and I want **money damages**.

√ The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone to something).

**Defendant #6:**
B. Defendant <u>Robert Lee</u>_____ is employed as
(a) (Name of First Defendant)
<u>Parole Supervisor</u>_____
(b) (Position/Title)

with <u>Illinois Department of Corrections</u>_____
(c) (Employer's Name and Address)
<u>10 Collinsville Ave, #204, East St Louis, IL 62201</u>_____

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government? √Yes   No

If your answer is YES, briefly explain: Defendant currently serves as the Director of Illinois Department of Corrections

Check one of the following:

This defendant **personally participated** in causing my injury, and I want **money damages**.

√ The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone to something).

## III. PREVIOUS LAWSUITS

A.  Have you begun any other lawsuits in this federal court?
    ☐ Yes ☑ No

B.  If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline.

1.  Parties to previous lawsuits:

    Plaintiff(s):

    Defendant(s):

2.  Case number:

3.  Name of Judge to whom case was assigned:

4.  Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?):

# IV.  STATEMENT OF CLAIM

State here, as briefly as possible, when, where, how, and by whom you feel your
constitutional rights were violated. Do not include legal arguments or citations. If you wish
to present legal arguments or citations, file a separate memorandum of law. If you intend
to allege several related claims, number and set forth each claim in a separate paragraph.

In 2006 plaintiff was charged with two counts of aggravated criminal sexual abuse and convicted
by jury trial on 7-24-2008. Plaintiff was sentenced to 42 months in the Illinois Department of
Corrections on 9-10-2008. However, the MSR(Mandatory Supervised Released) of the Mittimus
was left blank/omitted. Plaintiff was allowed time to close his clothing business down in Danville,
Illinois with orders to report to begin serving his sentence on 10-14-2008.

On 10-7-2008 Plaintiff filed a Motion to Revise the Sentence which went unanswered by the trial
court. The State of Illinois Appellate Court Fourth District mandated the trial court to respond to
Plaintiff's Motion to Revise sentence. Plaintiff appeared before trial court on 10-23-09 and
Plaintiff's sentence was reduced from 42 months to 36 months. However, on the amended
mittimus which indicated the sentence of 36 months, the MSR term was again left blank/omitted.

Due to omission Plaintiff received an extended MSR term by Illinois Department of
Corrections/Board of Review. IDOC stated when omission is made they apply default MSR of
four years. Plaintiff was to receive two years MSR which was stated by trial Judge Difanis during
Jury Trial. Records were forwarded to all interested parties stating such.

Initially, it was assumed to be an oversight of the court, however, after the second "omission" my
concern is that I have been unduly targeted as penalty for reporting/whistle blowing conduct of
trial Judge Thomas Difanis to the Judicial Inquiry Board.

Plaintiff has made several inquires and filed several motions regarding the matter of extended
MSR even before release from prison. Inquires went unanswered and motions were denied. As a
result, Plaintiff remains yet on parole - almost two years past the original termination date of
parole term of September 6, 2011.

Plaintiff has exercised Due Diligence in that he has petitioned the following to correct MSR the
issue;

Shelia Bell -Record Office Supervisor Western Illinois Correctional Ctr
Glenn Jackson - Chief Record Officer IDOC Headquarters Springfield IL
Mark Stephenson - Records Office Western Illinois Correctional Ctr
S.A. Godinez- Director, Illinois Department of Corrections
Illinois Prisoner Review Board
Circuit Court for the Sixth Judicial Circuit Champaign County
Judge Dan L. Flannell- Champaign County Chief Judge
Mike Randall - Former Director of IDOC
Karla Foote- Parole Officer (Informed IDOC that MSR should be 2 years)
Rocky Turner - Parole Officer
Robert Lee - Parole Supervisor
Richard Smith - Parole Officer(Informed IDOC that MSR should be 2 years)
Rodney Clossum- Sex Offender Counselor(Informed IDOC that MSR should be 2 years)
Brad Curry-Chief of Parole
Steve Bryant- Parole Supervisor
Mark Shafer- Parole Agent
Mark Brady- Parole Agent
Patrick Hess- Parole Supervisor

# Memorandum of Law

The Honorable Court will find here discrepancies both by the trial court and the Illinois Department of Corrections regarding the term of mandatory supervised release (MSR).

## Trial Court Error

Initially, the trial court issued its Order and Judgment against Plaintiff September 10,2008 which sentenced Plaintiff to 42 months in the Illinois Department of Corrections. The mittimus for this order was filled out with the exception of the MSR (Mandatory Supervised release) portion of the mittimus.

Then on October 23, 2009, after the State of Illinois Fourth Appellate Court remanded plaintiff 's case back to the trial court for his Motion to Revise Sentence, Plaintiff's Sentence was reduced from 42 months to 36 months. The trial judge once again filled out the mittimus with the exception of the MSR (Mandatory Supervised release) portion of the mittimus.

Prior to that during Jury Trial Judge Difanis stated mandatory supervised release would be two years (please refer to pg 5 of attachment 1). That same order specified the term of years plaintiff would serve in confinement but omitted the term for mandatory supervised release (attachment 2). I made several inquiries into this matter and was informed that parole was automatically set at four years due to the omission and would not be changed until the sentencing Judge amended the order (attachment 3). I filed a Motion to Amend Order (attachment 4) on August 8, 2013 and the file was forwarded to Judge Difanis on that date. On August 9, 2013 Judge Difanis stated he has no jurisdiction in this cause (attachment 5 pages 11&12) although it was he who made the omission.

```
08-08-13            Motion to Amend Order on file by defendant, pro se.
File
                    stamped copy returned to defendant and file forwarded
to
                    Judge Difanis.
                    Motion to Vacate
08-09-13            Court's docket entry
                    Court notes Defendant's Pro Se Motion to Amend Order
filed
                    August 8,2013. No order entered as the Court has no
                    jurisdiction in this cause.
```

---

The State of Illinois Appellate Court Fourth District also states it has no jurisdiction in this case . This leaves plaintiff in a precarious situation of continued Civil Rights/Civil Liberties violations. Plaintiff asserts that if no State entity assumes jurisdiction over this matter, then the Federal Courts must have jurisdiction.

## Illinois Department of Corrections (IDOC) Error

IDOC misinterpreted the statute used in determining the term of MSR. After being subjected to four years MSR by IDOC, I called and inquired as to how the term was determined. I was told it was based off state statue 730ILCS5/5-8-1(5). The statue state when the victim is under 18 years of age, for a **second or subsequent offense** of aggravated criminal sexual abuse or felony criminal sexual abuse, 4 years, at least the first 2 years of which the defendant shall serve in an electronic home detention program under Article 8A of Chapter V of this Code. This statute is reserved for repeat offenders not those with two counts on the same case nor those with a second case within the same trial. This is my first offense I have one case with two counts. Each count does not carry a separate parole term of two years.

Statue

730 ILCS 5/5-8-1

    (4)  for defendants who commit the offense of
         predatory criminal sexual assault of a child, aggravated
         criminal sexual assault, or criminal sexual assault, on or
         after the effective date of this amendatory Act of the
         94th General Assembly, or who commit the offense of
         aggravated child pornography under Section 11-20.1B, 11-
         20.3, or 11-20.1 with sentencing under subsection (c-5) of
         Section 11-20.1 of the Criminal Code of 1961 or the
         Criminal Code of 2012, manufacture of child pornography,
         or dissemination of child pornography after January 1,
         2009, the term of mandatory supervised release shall range
         from a minimum of 3 years to a maximum of the natural life
         of the defendant;
            (5) if the victim is under 18 years of age, for a
         second or subsequent offense of aggravated criminal sexual
         abuse or felony criminal sexual abuse, 4 years, at least
         the first 2 years of which the defendant shall serve in an
         electronic home detention program under Article 8A of
         Chapter V of this Code;

*Below are cases that further support my position:*


## People v. Anderson, Ill. Court of Appeals; 6-22-2010, No. 3-08-0664

In this case Defendant Brian C. Anderson was convicted of 2 counts of aggravated criminal sexual abuse (as in my case) . The difference in our cases is that the trial court actually sentenced Anderson to four years MSR, while I was sentenced two 2 years MSR via court transcripts. IDOC clerks changed my MSR to Four years while I was

incarcerated. The Appellate Court reversed Anderson's MSR stating that separate counts can't be construed as a separate conviction or second or subsequent. Anderson's MSR was changed to 2 years accordingly.

IDOC Clerks changed my MSR to four years then subsequently stated it could only be changed by a trial judge. Trial Judge Difanis states that he has no jurisdiction to change an IDOC error, which this clearly is. There is no law which states that IDOC has the latitude to change MSR, nor that MSR is automatically defaulted to four years if a mittimus is left blank where there are two counts in one case. This is a major Civil Liberties Violation.

**Phillips, 56 Ill.App.3d at 695-96, 371 N.E.2d at 1218-19.**
Specifically, the court stated:

In Phillips, the State charged defendant with two separate violations of the Illinois Controlled Substance Act (Ill.Rev.Stat.1975, ch. 561/212, par. 1401(b)). Each violation was prosecuted as an individual case. The defendant entered a guilty plea in each cause on the same day, but at different hearings. The hearings were separated by a five-minute recess. The trial court imposed an enhanced sentence on the second case based on the conviction in the first-the case in which he had pleaded guilty five minutes before the second case was heard. The enhancement provision in Phillips provided:

"Any person convicted of a second or subsequent offense under this Act may be sentenced to imprisonment for a term of up to twice the maximum term otherwise authorized * * *.

For purposes of this Section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this Act * * *." Ill.Rev.Stat.1975, ch. 561/212 par. 1408.

On appeal, the court rejected the interpretation adopted by the trial court and ultimately reduced defendant's sentence in the second case. Phillips, 56 Ill.App.3d at 695-96, 371 N.E.2d at 1218-19. Specifically, the court stated:

"A statute which imposes additional punishment upon conviction for a second or subsequent conviction is highly penal and must be strictly construed. [Citations.] Enhanced penalty statutes are enacted as a warning to a first offender of the consequences of a second conviction, and it cannot legally be known that an offense has been committed until there has been a conviction. [Citation.] **Further, an enhanced penalty should not be imposed until the offender has had the opportunity to reform due to the salutary discipline of the punishment which he has received as a consequence of his first conviction.** [Citations.] We conclude that the words 'convicted of a second or subsequent offense' prior to the fixing of penalties in section 408 of the Controlled Substances Act does not contemplate the accumulation of a number of offenses within a four-day period but contemplates increased punishment for a person who, after

conviction, does not reform but persists in committing other offenses of a similar character. [Citation.] Therefore, we hold that for a defendant to be sentenced to enhanced penalties of section 408 of the Controlled Substances Act the following must occur: (1) The defendant must be convicted of a narcotics violation charge as defined in (b) of section 408; (2) he must then commit another narcotics offense which leads to his second or subsequent conviction; and (3) the enhanced penalties provision must be specifically invoked by the trial court when imposing sentence. Under the facts of this case the trial court had no power to impose an enhanced penalty on the defendant. Courts of other jurisdictions have reached the same conclusion. [Citations.]" Phillips, 56 Ill.App.3d at 695-96, 371 N.E.2d at 1218-19.

Cameron Belk Sr. (Pro Se)
615 North 31st Street
East St. Louis, Illinois 62205

**V. REQUEST FOR RELIEF** (*check as many boxes as appropriate*)

Plaintiff requests that the court grant the following relief:

Compensatory damages in the amount of $ _$150,000.00_ .

Punitive damages in the amount of $ _$150,000.00_ .

An ordering requiring defendant(s) to:

Release Plaintiff Cameron Belk Sr, R74643 effective immediately from Mandatory Supervised Release.

A declaration that:

Cameron Belk Sr., R74643 has served nearly 4 years of MSR and should be compensated financially for any time period past 2 years. Plaintiff be relieved of sex offender registration requirements and conviction sealed!

Other:

Admonish defendants that they are to simply calculate Mandatory Supervised Release and not interpret law!

**VI. JURY DEMAND** (*check one box below*)

Plaintiff ◯ does or ◉ does not request a trial by jury.

**DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11**

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: _9-15-2013_
(date)

_615 N. 31st Street_
Street Address

_East St. Louis, Il. 62205_
City, State, Zip

_Cameron Belk Sr._
Signature of Plaintiff

_Cameron Belk Sr._
Printed Name

(10/2010)