IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAMERON BELK, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-841-JPG |
| ) | |
| STATE OF ILLINOIS, ) | |
| DEPARTMENT OF CORRECTIONS ) | |
| (Namely SHEILA BELL), ) | |
| GLENN JACKSON, ) | |
| MARK S. STEPHENSON, ) | |
| S.A. GODINEZ, ROBERT LEE, ) | |
| and ADAM MONREAL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On August 15, 2013, Plaintiff Cameron Belk, Sr., filed suit in this Court under 42 U.S.C. § 1983, alleging violations of his federally secured constitutional rights, in that Defendants have refused to properly calculate the time he should be required to remain on mandatory supervised release[1] ("MSR"). Consequently, he asserts he has served more than his required parole/MSR time, and should be discharged from parole. He requests this Court to order his immediate release, and further seeks monetary compensation for the excess MSR time he has been required to serve.

---

[1] After the Illinois Criminal Code was amended in 1978 to establish determinate sentences for the various classes of felonies, the new statutory scheme provided that with the exception of a life sentence, "every sentence shall include as though written therein a term in addition to the term of imprisonment. For those sentenced under the law in effect prior to February 1, 1978, such term shall be identified as a parole term. For those sentenced on or after February 1, 1978, such term shall be identified as a mandatory supervised release term[.]" 5 ILL. COMP. STAT. 5/5-8-1(d) (West 2006). In common usage, as reflected in the instant complaint, the terms "parole" and "mandatory supervised release" or "MSR" continue to be used interchangeably. The Court uses both terms herein in reference to Plaintiff's current status.

Now before the Court is Plaintiff's motion to proceed *in forma pauperis* ("IFP"), i.e., without prepaying the filing fee (Doc. 3). At the time of filing the complaint, Plaintiff had been released from prison, and was housed in a personal residence. As such, Plaintiff does not meet the statutory definition of prisoner[2] for purposes of the *in forma pauperis* statute, which states that "[t]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case. But the Court's inquiry does not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff.

A court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune Defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed IFP, a district court

---

[2] The determination of a plaintiff's status as a prisoner or non-prisoner, and thus the applicability of the Prison Litigation Reform Act (PLRA) must be made as of the date the lawsuit is brought. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998).

should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

**The Complaint**

Plaintiff was convicted by a Champaign County jury of two counts of aggravated criminal sexual abuse (a Class 2 felony) in 2008 (Doc. 2, p. 7).[3] He was sentenced to 42 months on each count, to be served concurrently. The trial judge informed Plaintiff on the record that he would be subject to a two-year period of MSR after serving his sentence, however, that information was not reflected on the judgment/sentence (Doc. 2, pp. 7-8; Doc. 2-2, pp. 5, 7).

Plaintiff appealed his sentence, and the appellate court remanded the matter to the trial court for resentencing. His sentence was then reduced to three years (concurrent), but again, the MSR term was not included in the judgment. The trial judge left that section blank (Doc. 2-2, p. 8).

On March 25, 2010, Plaintiff was released from prison, and he has been on MSR since that time (Doc. 2-2, p. 26). He notes that his original release date was January 12, 2010, but he was held in prison until March because he did not yet have an approved host site (Doc. 2-2, pp. 28-29). Had he been released on schedule and given the correct MSR time of two years, he would have completed his MSR on January 12, 2012. He now has been on MSR status for well over three years.

---

[3] The sentence for a Class 2 felony carries an automatic two-year period of MSR following the offender's release from prison. 5 ILL. COMP. STAT. 5/5-8-1(d)(2) (West 2006). However, Section 5/5-8-1(d)(5) of that statute provides that where "the victim is under 18 years of age, for a second or subsequent offense of aggravated criminal sexual abuse" the MSR term is increased to four years. Plaintiff was convicted of two counts in one proceeding, therefore, he maintains that the "second or subsequent offense" provision of 5-8-1(d)(5) does not apply in his case and he should not have been given the increased four year MSR term.

Plaintiff has made inquiries to the Illinois Department of Corrections, the Prisoner Review Board, parole officials, and others, in an effort to correct the MSR term to two years (Doc. 2, p. 7). He has been told that because the MSR term was left blank on his judgment, corrections officials automatically set the MSR period at four years. He was advised to seek an amended sentencing order in the trial court, which he did. However, the trial judge ruled on August 9, 2013, that the trial court was without jurisdiction to grant the relief sought (Doc. 2, p. 8). Plaintiff further claims that the Illinois Appellate Court, Fourth District, has similarly stated that it is without jurisdiction in the matter. Plaintiff asserts that "if no State entity assumes jurisdiction over this matter, then the Federal Courts must have jurisdiction." *Id*.

Finally, Plaintiff indicates the reason he has been unable to obtain the correction of his MSR term is that he has been "unduly targeted" as a penalty for reporting the trial judge to the Judicial Inquiry Board (Doc. 2, p. 7).

As relief, Plaintiff seeks an order that he be immediately released from parole/MSR, that he be awarded compensatory damages for the time he has spent on MSR in excess of two years, that he be relieved of the requirement to register as a sex offender, and that his conviction be sealed (Doc. 2, p. 13).

**Defendants**

In reviewing Plaintiff's complaint, it appears that he did not intend to name the "State of Illinois" itself or the "Illinois Department of Corrections" ("IDOC") as Defendants. Instead, he identifies two individual Defendants (Sheila Bell and Glenn Jackson) as employees of the State of Illinois, IDOC, by way of description (Doc. 2, pp. 1-2). He also includes IDOC Director S.A. Godinez as a party. In the event that injunctive relief is ordered, the inclusion of Defendants Godinez, Bell, and Jackson will be sufficient to carry out the same. *See Gonzalez*

*v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out). Further, neither a State nor a division of state government may be sued in a § 1983 action for money damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *see also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages). Accordingly, the State of Illinois and the Illinois Department of Corrections shall be dismissed as Defendants in this action.

**Release from MSR "Custody"**

Although as noted above, Plaintiff is not a "prisoner" for purposes of the PLRA and his IFP application, his status as a parolee on MSR means that he remains in this "custody" status, pursuant to his judgment of conviction/sentence and under the control of the Illinois Prisoner Review Board and parole authorities. A release from custody is not one of the remedies available in a civil rights action under § 1983. Instead, a habeas corpus action under 28 U.S.C. § 2254 is the sole federal remedy for challenging the fact or duration of an inmate's confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002) (district court should not have recharacterized declaratory judgment action as petition for habeas corpus); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked).

A petition for a writ of habeas corpus (not a civil rights action) is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of

custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Plaintiff's request for termination of his MSR would amount to a "quantum change" from the parole restrictions which now apply to him, to a status of "outright freedom." *See Morrissey v. Brewer*, 408 U.S. 471 (1972) (constitutional review of parole revocation proceedings brought in habeas action); *Drollinger v. Milligan*, 552 F.2d 1220, 1225 (7th Cir. 1977) (challenges to conditions of parole must be brought in habeas corpus action).

Furthermore, before petitioning for a federal writ of habeas corpus, a plaintiff must first exhaust his available state remedies. "A petitioner presents [his] claims fully simply by pursuing all available avenues of relief provided by the state before turning to the federal courts." *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). Plaintiff indicates that the state trial court denied his recent motion for a written order specifying that his MSR term was only two years. He does not indicate whether he appealed that determination in order to exhaust his remedies. Moreover, a mandamus action in Illinois state court may be the appropriate avenue to obtain the relief Plaintiff seeks. *See Johnson v. McGinnis*, 734 F.2d 1193, 1200 (7th Cir. 1984) (plaintiff may seek to compel public official to comply with statutory or constitutional duties via mandamus action, and exhaustion is not complete unless this remedy has been used in challenge to parole board action); *People ex rel. Carey v. Chrastka*, 413 N.E.2d 1269 (Ill. 1980) (writ of mandamus can be used to obtain review of circuit court judge's ruling); *Lee v. Findley*, 835 N.E.2d 985, 987 (Ill. App. 2005) (mandamus challenge to parole revocation proceeding).

To summarize, this Court cannot order Plaintiff's release from parole/MSR in the present civil rights action. Without commenting on the merits of his claims for damages or on

any defenses that may be raised, at this stage of the litigation the damages claims do not appear to be clearly barred.[4]

**Motion for Leave to Proceed IFP (Doc. 3)**

Plaintiff's complaint survives review under § 1915(e)(2). His sworn IFP motion establishes that he is indigent for purposes of IFP review. Nothing indicates that his action is frivolous or malicious. The remaining named Defendants are not immune from relief. And at this point, the Court cannot definitively conclude that his action fails to state any claim upon which relief could be granted.

Accordingly, Plaintiff's motion (Doc. 3) for leave to proceed IFP is **GRANTED**. Plaintiff will be allowed to proceed in the action without payment of any fees. *See* 28 U.S.C. § 1915(a)(1); *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (fee requirement of § 1915(a)(1) and (b) applies only to prisoners; non-prisoners granted leave to proceed *in forma pauperis* are not responsible for paying filing fee at all).

**Other Pending Motions**

Plaintiff's motion for injunctive relief (Doc. 4) seeks an order "abating" his MSR term that he is currently serving. As noted above, an order releasing Plaintiff from his current "custody" as a parolee is not available in a civil rights action filed pursuant to § 1983. Accordingly, the motion for injunctive relief (Doc. 4) is **DENIED** without prejudice. Plaintiff may seek this relief in the context of a § 2254 habeas petition, but only after he has exhausted all available state court remedies.

---

[4] Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), a claim for damages is barred if a ruling in the plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. In the instant case, Plaintiff is not challenging the validity of his conviction or three-year sentence. While he takes issue with the actions of IDOC and parole officials in requiring him to serve four years of MSR, he is clearly seeking to *enforce*, not invalidate, the sentencing court's imposition of a two-year MSR term, which was omitted from the written judgment of sentence.

Plaintiff's motion for service of process at government expense (Doc. 5) is **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below on those Defendants who remain in the action, but no service shall be made on the dismissed Defendants.

**Disposition**

Defendants **STATE OF ILLINOIS** and **DEPARTMENT OF CORRECTIONS** are **DISMISSED** from this action with prejudice. The Clerk is **DIRECTED** to correct the docket sheet to reflect that **SHEILA BELL** remains as a Defendant.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **BELL, JACKSON, STEPHENSON, GODINEZ, LEE,** and **MONREAL** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon

defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that because he is proceeding *pro se*, he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. A notice of change of address must be filed within **7 days** of any such change occurring. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: September 23, 2013

*s/ J. Phil Gilbert*
United States District Judge
